1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15

JAMES CHAVEZ,                          )     No. CV 12-3917 SJO (FFM)
                                       )
                  Petitioner,          )     ORDER SUMMARILY DISMISSING
                                       )     PETITION FOR WRIT OF HABEAS
        v.                             )     CORPUS FOR LACK OF SUBJECT
                                       )     MATTER JURISDICTION
WARDEN,                                )
                                       )
                  Respondent.          )
———————————————————————                )

16
17
18
19
20
21
22
23

On or about April 26, 2012, petitioner constructively filed a Petition for

Writ of Habeas Corpus by a Person in State Custody (the "Current Petition")

herein.  The Court notes that petitioner previously constructively filed a Petition

for Writ of Habeas Corpus by a Person in State Custody in this Court on or about

September 20, 2007 (the "First Petition").  (*See Chavez v. Warden*, Docket No.

CV 07-6977 SJO (FFM).)  The First Petition challenged the same 1993 sentence

and conviction challenged in the Current Petition.[1]  The First Petition was

24
25
26
27
28

---

[1] The Court notes that petitioner also previously filed two other petitions
challenging the same 1993 conviction and sentence that was unsuccessfully
challenged in Case No. 07-6977.  The first of these two petitions (Case No. CV 11-
4023) was dismissed as a second or successive petition on May 31, 2011.
Petitioner's subsequent application to file a second or successive petition was
denied on September 13, 2011 by the Ninth Circuit Court of Appeals.  The second
of these two petitions (CV 12-393) was dismissed as a second or successive

(continued...)

1   dismissed with prejudice on October 4, 2008.

2        The Current Petition is governed by the provisions of the Antiterrorism and

3   Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act")

4   which became effective April 24, 1996.  Section 106 of the Act amended 28

5   U.S.C. § 2244(b) to read, in pertinent part, as follows:

6       "(1) A claim presented in a second or successive habeas corpus

7       application under section 2254 that was presented in a prior

8       application shall be dismissed.

9       (2) A claim presented in a second or successive habeas corpus

10      application under section 2254 that was not presented in a prior

11      application shall be dismissed unless--

12          (A) the applicant shows that the claim relies on a

13          new rule of constitutional law, made retroactive to cases

14          on collateral review by the Supreme Court, that was

15          previously unavailable; or

16          (B)(i) the factual predicate for the claim could not

17          have been discovered previously through the exercise of

18          due diligence; and

19          (ii) the facts underlying the claim, if proven and

20          viewed in light of the evidence as a whole, would be

21          sufficient to establish by clear and convincing evidence

22          that, but for constitutional error, no reasonable factfinder

23          would have found the applicant guilty of the underlying

24          offense.

25

26

27  [1](...continued)

28  petition on January 22, 2012.

1         (3)(A) Before a second or successive application permitted by this

2         section is filed in the district court, the applicant shall move in the

3         appropriate court of appeals for an order authorizing the district court

4         to consider the application."

5         The Current Petition constitutes a second and/or successive petition

6 challenging the same conviction and sentence as petitioner's prior habeas petition

7 in Case No. CV 07-6977 within the meaning of 28 U.S.C. § 2244(b).  To the

8 extent petitioner seeks to pursue the same claims asserted in the First Petition, the

9 Current Petition is barred by the provisions of 28 U.S.C. § 2244(b)(1).  To the

10 extent petitioner seeks to pursue claims not contained in the First Petition, it was

11 incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth

12 Circuit authorizing the District Court to consider the Current Petition, prior to his

13 filing of it in this Court.  Petitioner's failure to secure such an order from the

14 Ninth Circuit deprives the Court of subject matter jurisdiction.

15         For the foregoing reasons, IT IS ORDERED that this action be summarily

16 dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the

17 United States District Courts.

18         LET JUDGMENT BE ENTERED ACCORDINGLY.

19

20 DATED: May 20, 2012.

21

22                                      _____

23                                     S. JAMES OTERO
                             United States District Judge

24 Presented by:

25

26 /S/ FREDERICK F. MUMM
  FREDERICK F. MUMM

27 United States Magistrate Judge

28